IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:13cr48 |
| | ) | |
| KEITH WILLIE REED, ET AL., | ) | The Honorable Claude M. Hilton |
| | ) | |
| Defendant. | ) | Trial: June 17, 2013 |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States respectfully requests the Court to include in its charge to the Jury the

following general instructions found in O'Malley, Grenig and Lee, Federal Jury Practice and

Instructions (6th Ed. 2008 Volume 1A), General Instructions for Federal Criminal Cases.

Requested Instructions

| | |
|---|---|
| Section 11.03 - | Objections and Rulings |
| Section 11.04 - | Court's Comments to Counsel |
| Section 11.05 - | Court's Questions to Witnesses |
| Section 11.06 - | Court's Comments on Certain Evidence (if appropriate) |
| Section 11.09 - | Evidence Admitted for a Limited Purpose Only (if appropriate) |
| Section 11.12 - | Impeachment of Defendant's Testimony—<br>Prior Conviction of a Crime (if appropriate) |
| Section 12.01 - | Introduction to the Final Charge—Province of the Court and of the<br>Jury |
| Section 12.02 - | Judging the Evidence |
| Section 12.03 - | Evidence Received in the Case—Stipulations, Judicial Notice, and<br>Inferences Permitted |

1

Section 12.04 -        Direct and Circumstantial Evidence

Section 12.05 -        Inferences From the Evidence

Section 12.06 -        Inference of Regularity

Section 12.07 -        Jury's Recollection Controls

Section 12.08 -        The Question is Not Evidence

Section 12.09 -        Consider Only the Offense Charged

Section 12.11 -        Verdict as to Defendants Only

Section 12.13 -        Consider Each Count and Each Defendant Separately

Section 12.14 -        Give Each Defendant Separate Consideration

Section 12.15 -        Apply Instructions to Each Defendant

Section 13.04 -        The Indictment is Not Evidence

Section 13.05 -        "On or About"—Explained

Section 13.06 -        Approximate Amount— Explained

Section 14.01 -        Opinion Evidence— The Expert Witness

Section 14.02 -        Charts and Summaries — Not Admitted; Admitted (if appropriate)

Section 14.04 -        Statement or Conduct of a Defendant— Multiple Defendants on Trial

Section 14.06 -        False Exculpatory Statements

Section 14.08 -        Immediate Flight or Concealment

Section 14.12 -        Fingerprints

Section 15.01 -        Credibility of Witnesses—Generally

Section 15.07 -        Credibility of Witnesses—Conviction of a Felony

Section 15.12 -        Credibility of Witnesses—The Defendant as a Witness (if

appropriate)

| | |
|---|---|
| Section 15.14 - | Effect of the Defendant's Failure to Testify (if appropriate) |
| Section 17.08 - | Proof of Knowledge or Intent—Rule 404(b) Evidence |
| Section 20.01 - | Verdict - Election of Foreperson - Duty to Deliberate - Unanimity - Punishment - Form of Verdict - Communication with the Court |

The United States also respectfully requests the Court to include in its charge to the Jury the attached special instructions and such other instructions as may become appropriate during the course of the trial.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____/s/_____

Patricia T. Giles
Rebeca H. Bellows
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Facsimile: (703) 549-5201
Patricia.Giles@usdoj.gov
Becky.Bellows@usdoj.gov

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Burden of Proof - Reasonable Doubt

The law presumes a defendant to be innocent of crime.  Thus, a defendant, although accused, begins the trial with a "clean slate"—with no evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused.  So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit.

(1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 12.10 (4th ed. 1992); *Victor v. Nebraska*, 511 U.S. 11 (1994); *United States v. Guay*, 108 F.3d 545, 550 (4th Cir.1997); *United States v. Oriakhi*, 57 F.3d 1290, 1300-01 (4th Cir. 1995); *United States v. Reives*, 15 F.3d 42 (4th Cir.1994))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>The Nature of the Offense Charged– Count One</u>

Count One of the Second Superseding Indictment charges that:

From on or about December 7, 2012, and continuing through on or about December 22, 2012, in the Eastern District of Virginia and elsewhere, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as "Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD DYER, did knowingly combine, conspire, confederate and agree together and with others known and unknown to the grand jury to commit an offense against the United States of America:  namely, to obstruct, delay and affect commerce by robbery, in violation of Title 18, United States Code, Section 1951.

(Title 18, United States Code, Section 1951)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Statute Defining the Offense Charged – Count One, Two, Three, and Four

Section 1951 of Title 18 of the United States Code provides, in part, that:

> (a) whoever in any way or degree obstructs, delays, or affects
> commerce or the movement of any article or commodity in
> commerce, by robbery . . . or attempts or conspires so to do, or
> commits or threatens physical violence to any person or property
> in furtherance of a plan or purpose to do anything . . .

shall be guilty of an offense against the United States.

(Title 18, United States Code, Section 1951)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Essential Elements of the Offense Charged - Count One

In order to sustain its burden of proof for the crime of conspiring to obstruct, delay, or affect interstate commerce by robbery as charged in Count One of the Second Superseding Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:   That two or more persons agreed to commit a robbery encompassed within the Hobbs Act;

Two:   That the defendant knew of the conspiratorial goal; and

Three: That the defendant voluntarily participated in helping to accomplish the goal.

(Adapted from 2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 53.03 (6th ed. 2009), *United States v. To*, 144 F.3d 737, 747-48 (11th Cir. 1998) (*quoted in United States v. Carr*, 2008 WL 80203 (4th Cir. 2008)(unpublished))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Conspiracy -- Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in Count One  of the Second Superseding Indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  A tacit or mutual understanding among or between the parties will suffice to prove an agreement to establish a conspiracy.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the Second Superseding Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Second

8

Superseding Indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charge in Count One of the Second Superseding Indictment.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.04 (6th ed. 2009); *United States v. Depew*, 932 F.2d 324, 326 (4th Cir. 1991))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>Conspiracy -- Membership in Agreement</u>

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in Count One of the Second Superseding Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to commit robbery, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

(Adapted from 2A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31.05 (6th ed. 2009))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>The Nature of the Offense Charged – Count Two</u>

Count Two of the Second Superseding Indictment charges that:

On or about December 7, 2012, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as "Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD DYER, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property consisting of at least $700 in United States currency belonging to VVM, Inc., located at 4810 Beauregard Street, #103, in Fairfax County, Virginia, in the presence of an employee against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while the employee engaged in commercial activities as an employee of VVM, Inc., a business that was engaged in and that affects interstate commerce.

(Title 18, United States Code, Sections 1951 & 2)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged – Count Three

Count Three of the Second Superseding Indictment charges that:

On or about December 9, 2012, in Alexandria, Virginia, within the Eastern District of Virginia, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as "Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD DYER, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property consisting of approximately $15,704 in United States currency belonging to Shoppers Food Warehouse, located at 3801 Jefferson Davis Highway, in Alexandria, Virginia, in the presence of employees against their will by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as employees of Shoppers Food Warehouse, a business that was engaged in and that affects interstate commerce.

(Title 18, United States Code, Sections 1951 & 2)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged – Count Four

Count Four of the Second Superseding Indictment charges that:

On or about December 22, 2012, in Arlington County, Virginia, in the Eastern District of Virginia, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as "Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD DYER, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property consisting of approximately $60,411.15 in United States currency in the custody and control of  the Navy Federal Credit Union located at 875 North Randolph Street, Arlington, Virginia, in the presence of employees against their will by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as employees of the Navy Federal Credit Union, a business that was engaged in and that affects interstate commerce.

(Title 18, United States Code, Sections 1951 & 2)

13

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Essential Elements of the Offense Charged - Counts Two, Three, and Four

In order to sustain its burden of proof for the crime of obstructing, delaying, or affecting interstate commerce by robbery as charged in Counts Two, Three, and Four of the Second Superseding Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:     That the defendant took or attempted to take and obtain personal property consisting of cash, from the presence of employees of the businesses identified in Counts Two, Three, and Four, respectively, against their will by means of actual and threatened force, and violence and fear of injury;

Two:     That the defendant did so knowingly and deliberately by robbery; and

Three:   That, in so acting, interstate commerce was obstructed, delayed, or affected.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 53.03 (6th ed. 2009))

14

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Obstructs, Delays, or Affects Commerce" – Defined–Counts One through Four

The term "obstructs, delays, or affects commerce" means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce.

A mere depletion of assets of a firm engaged in interstate commerce will meet the requirement.

It is not necessary for the government to prove that the defendant actually intended to obstruct, delay, or affect commerce.  The government must prove beyond a reasonable doubt, however, that the defendant deliberately performed an act, the ordinary and natural consequences of which would be to obstruct, delay, or affect commerce, and that commerce was, in fact, obstructed, delayed or affected.  Only a slight or de minimus ("minimal") effect on interstate commerce is needed.

To affect interstate commerce, a business need only be actively engaging in a commercial activity.  The direct customers or supplies for that business may but need not come from out-of-state sources.  However, in addition to the foregoing, you may consider evidence showing that the business served customers that lived outside of Virginia.  You may also consider whether any of the products sold at the business were manufactured outside of Virginia.  You may find that commerce was affected by considering whether the business had to close for a period of time after the robberies occurred, and that closure impeded the business' ability to be actively engaged in commercial activity.

(2A OMalley, Grenig & Lee, Federal Jury Practice and Instructions, § 53.04 (6th ed. 2009); as modified by *United States v. Jackson*, 748 F.2d 1535, 1537 (11th Cir.1984) ("depletion of assets"); *United States v. Terry*, 257 F.3d 366, 369-70 (4th Cir. 2001) (actively engaging in a commercial activity, which served only local customers, satisfied the requirements of affecting interstate commerce); *United States v. Mapp*, 170 F.3d 328, 336 n. 13 (2nd Cir. 1999) (selling out-of-state goods); *United States v. Billups*, 692 F.2d 320, 331 n.7 (4th Cir. 1982); *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000) (affect on out-of-state customers); *United States v. Dean*, 517 F.3d 1224 (11th Cir. 2008) (closing of business as a result of robbery))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Robbery" –  Defined–Counts One through Four

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his or her person or property, or property in his or her custody or possession . . . or of anyone in his [or her] company at the time of the taking or obtaining.

(Title 18 United States Code, Section 1951(b)(1) and O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 53.05 (6th ed. 2009))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>"Property" –  Defined</u> <u>Defined–Counts One through Four</u>

The term "property" as used in these instructions means money or anything of value.

The term "property" is not limited to tangible, physical items and includes the right to conduct a business free from wrongful force, coercion, or fear.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 53.10 (6th ed. 2009))

18

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged – Count Five

Count Five of the Second Superseding Indictment charges that:

On or about December 22, 2012, in Arlington County, Virginia, in the Eastern District of Virginia, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as "Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD DYER, by force and violence, and by intimidation, did take from the person and presence of another, namely employees of the Navy Federal Credit Union located at 875 North Randolph Street, Arlington, Virginia, approximately $60,411.15 in United States currency, money belonging to and in the care, custody, control, management, and possession of the Navy Federal Credit Union, a credit union whose deposits were then insured by the National Credit Union Administration, and did assault and put in jeopardy the life of another person, namely credit union employees and customers, by the use of dangerous weapons, namely firearms.

(Title 18, United States Code, Sections 2113(a) and (d))

19

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>The Statute Defining the Offense Charged - Count Five</u>

Section 2113(a) and (d) of Title 18 of the United States Code provides, in part, that:

> Whoever, by force and violence, or by intimidation, takes, or
> attempts to take, from the person or presence of another, ... any
> property belonging to, or in the care, custody, control,
> management, or possession of, any bank, credit union, or any
> savings and loan association; and whoever, in committing, or
> attempting to commit a defense as defined in this section assaults
> any person, or puts in jeopardy the life of any person by the use of
> a dangerous weapon or device, ...

shall be guilty of an offense against the United States.

(2B O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 57.05 (6th ed. 2010);
Title 18, United States Code, Sections 2113(a) and (d))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Essential Elements of the Offense Charged - Count Five

In order to sustain its burden of proof for the crime of armed robbery of a credit union as charged in Count Five of the Second Superseding Indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One:    The defendant took money from a federal credit union employee, while that money was in the care, custody, or possession of the Navy Federal Credit Union;

Two:    The taking was by force and violence, or by intimidation;

Three:  The defendant deliberately put the lives of the employees and customers of Navy Federal Credit Union in jeopardy by the use of a dangerous weapon while taking the money; and

Four:   The deposits of the Navy Federal Credit Union were then insured by the National Credit Union Administration.

(2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 57.06 (6th ed. 2010))

21

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>"Puts in Jeopardy the Life of Any Person By the Use of a Dangerous Weapon" - Defined</u>

The phrase "puts in jeopardy the life of any person" means to knowingly do an act which exposes a person to a risk of death.  The term "dangerous weapon" means any object that can be used by one person to inflict severe bodily harm or injury upon another person.

"Puts in jeopardy the life of any person by the use of a dangerous weapon" means, therefore, to expose a person to a risk of death or severe bodily harm by the use of a weapon that is capable of inflicting death or severe bodily harm.

(2B O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 57.08 (6th ed. 2010) (modified – omitting "device"))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ___

"Assaults any person" – Defined

The phrase "assaults any person" means a deliberate attempt to inflict bodily harm or injury upon the person of another.  The phrase "assaults any person" also means a threat to inflict bodily harm or injury upon the person of another when that attempt or that threat is coupled with an apparent present ability to do so.

An "assault" may be committed without actually touching, striking, or doing bodily harm to another.  Any intentional display of such force that would give a person reason to fear or expect immediate bodily harm, may constitute an "assault."

An individual, therefore, who has the apparent present ability to inflict bodily harm on another and voluntarily attempts to inflict bodily harm on that person may be found to have "assaulted" that person.  Similarly an individual who threatens to inflict bodily harm on another may also be found to have "assaulted" that person.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 57.07 (6th ed. 2009))

23

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"By Force and Violence, or By Intimidation" - Defined

The phrase "by force and violence, or by intimidation" means by either: one, the use of actual physical strength or actual physical violence or two, doing some act or making some statement to put someone in fear of bodily harm.

The "intimidation" must be caused by an act knowingly and deliberately done or statement knowingly and deliberately made by the defendant which was done or made in such a manner or under such circumstances that would produce such a reaction or such fear of bodily harm in a reasonable person. The government need not prove actual fear on the part of any person.

The government must prove beyond a reasonable doubt, however, that the defendant knowingly and deliberately did something or knowingly and deliberately said something that would cause a reasonable person under those circumstances to be fearful of bodily harm.

(2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 57.10 (6th ed. 2010))

24

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Custody, Control, Management, or Possession" - Defined

The phrase "custody, control, management, or possession" means money or funds that are physically within the credit union, or within its power to control. When a credit union holds the money that has been deposited by its customers, for example, the credit union may be said to have "custody, control, management or possession"of those funds.

(2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 57.11 (6th ed. 2010) (modified – omitting constructive and actual possession language))

25

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Credit Union" - Defined

The term "credit union" means any Federal credit union and any State-chartered credit union the accounts of which are insured by the Administrator of the National Credit Union Administration.

[IF APPLICABLE:  You are instructed that the parties have stipulated that at the time of the offenses alleged in the Second Superseding Indictment, Navy Federal Credit Union, was a credit union whose deposits were insured by the  National Credit Union Administration.]

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 57.12 (6th ed. 2009) (modified – omitting definition of "bank" and "savings and loan association"))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged – Count Six

Count Six of the Second Superseding Indictment charges that:

On or about December 7, 2012, in Fairfax County, Virginia, in the Eastern District of

Virginia, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as

"Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD

DYER, did knowingly and unlawfully use and carry firearms during and in relation to a crime of

violence for which they may be prosecuted in a court of the United States, that is, the December

7, 2012 interference with commerce by robbery of VVM, Inc., as set forth and charged in Count

Two of this Second Superseding Indictment.

(Title 18, United States Code, Sections 2 & 924(c)(1)(A)(ii))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged – Count Seven

Count Seven of the Second Superseding Indictment charges that:

On or about December 9, 2012, in Alexandria, Virginia, in the Eastern District of Virginia, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as "Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD DYER, did knowingly and unlawfully use and carry firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the December 9, 2012 interference with commerce by robbery of the Shoppers Food Warehouse, as set forth and charged in Count Three of this Second Superseding Indictment.

(Title 18, United States Code, Sections 2 & 924(c)(1)(A)(ii))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged – Count Eight

Count Eight of the Second Superseding Indictment charges that:

On or about December 22, 2012, in Arlington County, Virginia, in the Eastern District of Virginia, the defendants, KEITH WILLIE REED, STANLEY RAY WINSTON, also known as "Stanley Wilson" and "Rashaad Winston," ANTHONY CANNON, and TOBIAS RICHARD DYER, did knowingly and unlawfully use and carry firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the December 22, 2012, interference with commerce by robbery and armed robbery of the Navy Federal Credit Union, as set forth and charged in Counts Four and Five, respectively, of this Second Superseding Indictment.

(Title 18, United States Code, Sections 2 & 924(c)(1)(A)(ii))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Statute Defining the Offenses Charged - Counts Six, Seven, Eight

Section 924(c)(1)(A)(ii), (iii) of Title 18 of the United States Code provides, in part, that:

> [A]ny person who, during and in relation to any crime of violence .
> . . uses or carries a firearm . . .

shall be guilty of an offense against the United States.

(Title 18, United States Code, Sections 2 & 924(c)(1)(A)(ii) and (iii))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Essential Elements of the Offense – Counts Six, Seven, and Eight

In order to sustain its burden of proof for the crime of using and carrying a firearm during and in relation to a crime of violence, as charged in Counts Six, Seven, and Eight of the Second Superseding Indictment, the government must prove the following two essential elements beyond a reasonable doubt:

One:    The defendant committed the crime of interference with commerce by robbery as charged in Counts Two, Three, and Four, and the crime of armed robbery of a credit union as charged in Count Five, and

Two:    During and in relation to the commission of that crime, the defendant knowingly used and carried a firearm.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.18 (6th ed. 2009) (modified))

31

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

"Firearm" - Defined

The term "firearm" means (A) any weapon, (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.  The term "firearm" does not include an antique firearm.

It is not necessary that the firearm alleged to have been used be produced as an exhibit at trial.  All that is required is some evidence – such as the testimony of eyewitnesses – that the item used or carried was a firearm.

(2A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 39.11 (6th ed. 2009); *United States v. Beverly*, 99 F.3d 570, 572 (3d Cir. 1996) (even though gun was not recovered, testimony of victim that defendant had threatened him with a gun was sufficient evidence to support § 924(c) conviction); *United States v. Jones*, 907 F.2d 456, 460 (4th Cir. 1990) (testimony of five eyewitnesses that gun was used during robbery was sufficient to prove § 924(c) violation); *Parker v. United States*, 801 F.2d 1382, 1384 (D.C. Cir. 1986) (Scalia, J.) (testimony of bank tellers who observed weapon was sufficient to establish the use of a firearm))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ___

"Uses or Carries a Firearm" - Defined

The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crimes alleged in Counts Two through Five of the Second Superseding Indictment.

In determining whether a defendant used or carried a firearm, or aided and abetted the use of a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying crime of violence, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

The government is not required to show that the defendants actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in the defendants' possession or under the defendants' control at the time that a crime of violence was committed.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.20 (6th ed. 2009))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Crime of Violence"

The term "crime of violence" means an offense that is a felony and has as one of its essential element the use, attempted use, or threatened use of physical force against the person or property of another, or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense.  The offenses alleged in Count Two, Three, and Four, interference with commerce by robbery, and Count Five, armed robbery of a credit union, are crimes of violence.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.19 (6th ed. 2009); *U.S. v. Phan*, 121 F.3d 149, 152-53 (4th Cir. 1997) (conspiracy to commit Hobbs Act robbery is a crime of violence))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

Aiding and Abetting – Explained

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crimes charged in Counts Two through Eight of the Second Superseding Indictment, the government must prove beyond a reasonable doubt that the defendant:

One, knew that the crime charged was to be committed or was being committed,

Two, knowingly did some act for the purpose of aiding the commission of that crime, and

Three, acted with the intention of causing the crime charged to be committed.

Before a defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the offense charged as detailed for you in these instructions.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a

35

defendant aided and abetted the commission of that crime.

The government must prove that a defendant knowingly associated himself with the crime in some way as a participant–someone who wanted the crime to be committed–not as a mere spectator.

(1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 18.01 (6th ed. 2008))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ___

Responsibility for Substantive Offense

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy.  The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy.  Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven a defendant guilty of conspiracy as charged in Count One of the Second Superseding Indictment, beyond a reasonable doubt, you may also find that defendant guilty of the crime alleged in any other count of the Second Superseding Indictment in which he is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that:

One:   The substantive offenses of interference with commerce by robbery, armed robbery of a credit union, and use of a firearm during a crime of violence  as described in Counts Two through Eight of the Second Superseding Indictment, were committed by a member of the conspiracy as detailed in Count One of the Second Superseding Indictment;

Two:    The substantive crimes of interference with commerce by robbery, armed robbery of a credit union, and use of a firearm during a crime of violence were committed during the existence or life of and in furtherance of the goals or objectives of the conspiracy detailed in Count One of the Second Superseding Indictment; and

Three:  At the time that this offense was committed, the defendant was a member of the conspiracy detailed in Count One of the Second Superseding Indictment.

(2 O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.10 (6th ed. 2008))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Nature of the Offense Charged

Counts Nine through Twelve of the Second Superseding Indictment charge that:

On or about December 22, 2012, in Fairfax County, Virginia, in the Eastern District of

Virginia, defendants KEITH WILLIE REED (Count Nine), STANLEY RAY WINSTON (Count

Ten), ANTHONY CANNON (Count Eleven), and TOBIAS RICHARD DYER (Count Twelve),

after having been convicted of a crime punishable by imprisonment for a term exceeding one

year, did knowingly and unlawfully possess in and affecting interstate commerce firearms,

specifically:  one Luger Model AP9 9 mm firearm with serial number 021572 and one Federal

Ordnance .45 caliber handgun with partial serial number F8801623.

(Title 18, United States Code, Section 922(g)(1))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>The Statute Defining the Offense Charged – Counts Nine, Ten, Eleven and Twelve</u>

Section 922(g)(1) of Title 18 of the United States Code, provides, in pertinent part, that:

It shall be unlawful for any person–

who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm . . . .

(Title 18, United States Code, Section 922(g)(1))

40

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

The Essential Elements of the Offense Charged – Counts Nine, Ten, Eleven, and Twelve

In order to sustain its burden of proof for the crime of possessing a firearm as charged in Counts Nine, Ten, Eleven and Twelve of the Second Superseding Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt as to each defendant:

One:     The defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

Two:     After this conviction, the defendant knowingly possessed the firearms described in Counts Nine, Ten, Eleven, and Twelve of the Second Superseding Indictment; and

Three:  Such possession was in or affecting interstate or foreign commerce.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.09 (6th ed. 2009); *United States v. Langley*, 62 F.3d, 602, 606 (4th Cir. 1995), *cert. denied*, 516 U.S. 103 1996))

41

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>"Crime Punishable by Imprisonment for a Term Exceeding One Year" – Defined –</u>

<u>Counts Nine, Ten, Eleven, and Twelve</u>

The phrase "crime punishable by imprisonment for a term exceeding one year" generally means a crime which is a felony.  The phrase does not include any state offense classified by the laws of that state as a misdemeanor and punishable by a term of imprisonment of two years or less and certain crimes concerning the regulation of business practices.

[You are instructed that the parties have stipulated that the defendants have been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.]

(2A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 39.10 (6th ed. 2009))

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

### Proof Required

The Court instructs the jury that, as it pertains to these instructions, the mere possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year is a violation of the laws of the United States.  It is not necessary for the government to prove that the defendant knew his possession of that firearm was in violation of the law as to that particular count of the Second Superseding Indictment. But the government must prove beyond a reasonable doubt that the defendant knew that the weapons described in the Second Superseding Indictment had characteristics, as defined in these instructions, that brought them under the definition of a firearm.

(*United States v. Langley*, 62 F.3d 602, 605-06 (4th Cir. 1995); *United States v Rahman*, 83 F.3d 89 (4th Cir. 1996))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.</u>

<u>Limited Purpose of Evidence regarding Prior Conviction</u>

(If Felony Conviction Is Stipulated)

You have heard, ladies and gentlemen, that the parties have agreed that the defendants were convicted of a felony prior to December 22, 2012.  Those stipulations are admitted in evidence solely for your consideration in evaluating Counts Nine, Ten, Eleven, and Twelve of the Second Superseding Indictment, which requires the government to prove that a defendant had a felony conviction prior to December 22, 2012. The fact that a defendant was convicted of a crime in the past is not evidence that you may consider in determining whether the government proved a defendant's guilt on Counts One through Eight.   You may only consider these prior convictions in determining whether the government has met its burden with respect to Counts Nine, Ten, Eleven, and Twelve of the Second Superseding Indictment.  You must not draw any inference of guilt against a defendant from his prior conviction or use it for any other purpose except as set forth in these instructions.

(*United States v. Johnson*, 505 F.3d 120, 124 (2d Cir. 2007); *United States v. Cardwell*, 433 F.3d 378, 387-88 (4th Cir. 2005); *United States v. Bowie*, 142 F.3d 1301, 1305-1308 (D.C. Cir. 1998); *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984))

44

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. ___

Limited Purpose of Evidence regarding Prior Conviction

(If Felony Conviction Is Not Stipulated)

The government has introduced evidence for the purpose of establishing that the defendants were convicted of a felony prior to December 22, 2012.  Such evidence was admitted solely for your consideration in evaluating Count Nine, Ten, Eleven, and Twelve of the Second Superseding Indictment, which requires the government to prove that a defendant had a felony conviction prior to December 22, 2012.  If you find that the government has satisfied its burden of proving beyond a reasonable doubt that a defendant had a felony conviction prior to December 22, 2012, the fact that a defendant was convicted of a crime in the past is not evidence that you may consider in determining whether the government proved a defendant's guilt on Counts One through Eight.  You may only consider these prior convictions in determining whether the government has met its burden with respect to Counts Nine, Ten, Eleven, and Twelve of the Second Superseding Indictment.  You must not draw any inference of guilt against a defendant from his prior conviction or use it for any other purpose except as set forth in these instructions.

(*United States v. Johnson*, 505 F.3d 120, 124 (2d Cir. 2007); *United States v. Cardwell*, 433 F.3d 378, 387-88 (4th Cir. 2005); *United States v. Bowie*, 142 F.3d 1301, 1305-1308 (D.C. Cir. 1998); *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Knowingly" - Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of a defendant means that he was conscious and aware of his actions, realized what he was doing, and did not act because of ignorance, mistake, or accident.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.15 (6th ed. 2009))

46

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"Possession" - Defined – Counts Nine, Ten, Eleven, and Twelve

The word "possess" means to own or to exert control over.  The word "possession" can take on several different, but related, meanings.

The law recognizes two kinds of "possession"– actual possession and constructive possession.  A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that "possession" may be sole or joint.  If one person alone has actual or constructive possession of a thing, then possession is sole.  If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 16.05 (6th ed. 2009))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.

"In or Affecting Commerce"- Defined

The phrase "in or affecting commerce" includes commerce between any place in a State and any place outside of that State.

The government may meet its burden of proof on the question of being "in or affecting commerce" by proving to you, beyond a reasonable doubt, that the firearm identified in the Second Superseding Indictment, at any time, had traveled across a state boundary line.

(2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.14 (6th ed. 2009))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. __

Proof May Be Disjunctive

The Court instructs the jury that although the indictment may charge a defendant with committing an offense in several ways, using conjunctive (i.e., "and") language, I instruct you that it is not necessary for the government to prove that the defendant did each of those things. It is sufficient if the government proves beyond a reasonable doubt that the defendant did any of these alternative acts as charged.

(*United States v. Rhynes*, 206 F.3d 349, 384 (4th Cir. 1999) ("Where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive.  The district court, however, can instruct the jury in the disjunctive."); *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) ("[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive."))

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Douglas J. Wood, Esq.
Terrell Roberts, Esq.
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737

Melinda VanLowe, Esq.
10476 Armstrong Street
Fairfax, Virginia 22030

Alfred "Rob" Robertson, Jr., Esq.
Robertson Law Office, PLLC
500 N. Washington St.
Alexandria, VA 22314

Gregory Todd Hunter, Esquire
Law Office of Gregory Hunter
2055 North 15th Street, Suite 302
Arlington, Virginia 22201

                                                                      /s/
                                                  Patricia T. Giles, Esq.
Virginia Bar No.: 43257
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700
Fax: 703-299-3982
Email Address: Patricia.Giles@usdoj.gov