IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 1:13CR48 - 004 |
| ) | |
| TOBIAS RICHARD DYER,   ) | |
| ) | |
| Defendant.   ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States has moved this Honorable Court for entry of a preliminary order of forfeiture that would include a money judgment for the United States against Defendant Tobias Richard Dyer in the amount of $76,915.15, the forfeiture of $38,068 in partial satisfaction of said money judgment, and the forfeiture of two firearms that the defendant and his co-defendants used and carried during the commission of some of the offenses of conviction.   This memorandum of law is submitted in support of that motion.

Statement of Facts

In December 2012, Defendant Tobias Richard Dyer and co-defendants Anthony Cannon, Stanley Ray Winston, and Keith Willie Reed committed three armed robberies in the Eastern District of Virginia.   Specifically, on December 7, 2012, the defendants robbed VVM, Inc. in Fairfax County, Virginia, of approximately $800; on December 9, 2012, the defendants robbed Shoppers Food Warehouse in Alexandria, Virginia, of $15,704; and on December 22, 2012, the defendants robbed the Navy Federal Credit Union in Arlington, Virginia, of $60,411.15.   During all three robberies, Defendant Dyer and co-defendant Winston were armed with handguns.

The defendants were apprehended soon after the Navy Federal Credit Union robbery because three GPS devices hidden in the stolen money alerted law enforcement as to their location. In the wooded area where all four defendants were apprehended, law enforcement officers recovered $19,631 in cash and two of the GPS devices. During a search of Anthony Cannon's residence, law enforcement recovered another GPS device, an additional $18,437, and three firearms. Two of the three firearms -- a Luger Model AP9 9 mm firearm with serial number 021572 and one Federal Ordnance .45 caliber handgun with partial serial number F8801623 – were used by the defendants to commit the Navy Federal Credit Union robbery.

## Procedural Background

On April 23, 2013, a federal grand jury returned a twelve-count Second Superseding Indictment against Dyer, Reed, Winston, and Cannon. (Docket Entry "DE" # 43). Count 1 charged all four defendants with conspiracy to affect commerce by robbery, in violation of 18 U.S.C. §1951. Counts 2 through 4 charged the defendants with interference with commerce by robbery, in violation of 18 U.S.C. §§ 2 and 1951(a). Count 5 charged the defendants with armed robbery of a federal credit union, in violation of 18 U.S.C. §§ 2 and 2113(a) & (d). Counts 6 through 8 charged the defendants with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). Each defendant was also charged with possession of a firearm after having been convicted of an offense punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(l) (Counts 9-12).

The Second Superseding Indictment also included a forfeiture notice, wherein the defendants were notified that if convicted of Counts 2 through 5, they shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds of the offenses charged in those counts, including but not limited to: (a) approximately $700 in United States

currency taken from VVM, Inc. on December 7, 2012; (b) approximately $15,704 in United States currency taken from the Shoppers Warehouse on December 9, 2012; and approximately $60,411.15 in United States currency taken from the Navy Federal Credit Union on December 22, 2012. The forfeiture notice also apprised the defendants that if convicted of Counts 2 through 5, they would forfeit substitute property pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), and would forfeit two firearms that the defendants used during and in relation to an armed robbery charged in the Second Superseding Indictment.

The jury trial in this case began on June 17, 2013. At trial, the United States presented evidence that the defendants obtained approximately $76,915.15 in proceeds from the armed robberies. Specifically, the evidence established that the defendants took by force and intimidation approximately $800 from VVM, Inc. on December 7, 2012, $15,704 from Shoppers Food Warehouse on December 9, 2012, and $60,411.15 from the Navy Federal Credit Union on December 22, 2012. The government also presented evidence establishing that shortly after the defendants were arrested on December 22, 2012, law enforcement officers recovered $19,631 at Fort Davis Park, where the defendants had been apprehended. In addition, the evidence established that law enforcement seized, among other things, the following items from Anthony Cannon's residence (1501 38th Street, S.E., Washington, D.C.): $18,437 in United States currency; one Lugar Model AP9 9mm firearm with serial number 021572; and one Federal Ordnance .45 caliber handgun with partial serial number F8801623. The evidence also proved that the defendants used and carried those two firearms during and in relation to the December 22, 2012 armed robbery of the Navy Federal Credit Union.

On June 21, 2013, the jury returned a verdict of guilty on all counts charged in the Second Superseding Indictment. (DE 64 to 68).

Argument

Pursuant to Fed. R. Crim. P. 32.2, 21 U.S.C. § 853(p), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the United States is entitled to the entry of a money judgment against Defendant Dyer and his co-defendants in the amount of $76,915, which amount represents the proceeds the defendants obtained from the armed robberies of which they have been convicted.

Title 18, United States Code, Section 981(a)(1)(C) mandates forfeiture as part of the sentence for the bank robbery offenses of which the defendant stands convicted. *See United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that the forfeiture be mandatory in cases where the statute applied"); *United States v. Alamoudi*, 452 F.3d 310, 313 (4th Cir. 2006) (if the defendant is convicted of any offense covered by 18 U.S.C. § 981(a)(1)(C), the court must order the forfeiture of the proceeds of that offense); *United States v. Maxwell*, 189 F. Supp.2d 395, 399 n.2 (E.D.Va. 2002) (because criminal forfeiture is mandatory, the primary issue before the trial court is not whether to issue a forfeiture order, but its size and scope). Furthermore, Rule 32.2(b)(2) provides that once the court determines that property is subject to forfeiture, the court must "promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in it." *See also United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (when the court determines the forfeitability of the property pursuant to Rule 32.2(b)(1), it does not – "and indeed may not" – determine the rights of third parties in the property; the ownership issue is deferred to the ancillary proceeding).[1]

It is well-established that the order of forfeiture in a criminal case may take the form of a personal money judgment for an amount of money equal to the value of the proceeds a defendant

---

[1] Rule 32.2(b)(3) provides that the preliminary order of forfeiture authorizes the Attorney General to seize the specific property; to conduct discovery needed to identify, locate or dispose of the property; and to commence an ancillary proceeding to resolve any third party claims to the property. The preliminary order becomes final as to the defendant and must be included in the judgment. *See United States v. Bennett*, 423 F.3d 271, 275 (3d Cir. 2005) (describing the procedures required by Rule 32.2(b) in detail).

obtained as a result of his offense. *See*, *e.g.*, Fed. R. Crim. P. 32.2(b)(2) (providing that the preliminary order of forfeiture must "set[] forth the amount of any money judgment"); *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (authority to issue a forfeiture order in the form of a money judgment is clear from the cross reference in Section 2461(c) to Rule 32.2, which "explicitly" contemplates the entry of a money judgment); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (holding that a forfeiture order may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced); *United States v. Farkas*, 2011 WL 5101752 (E.D.Va. Oct. 26, 2011) (holding the defendant is liable to forfeit the proceeds of his fraud whether he retained them, spent them, or held them only momentarily before transferring them to a third party).

The term "proceeds" is defined as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A). Accordingly, in this case, the proceeds subject to forfeiture (and a money judgment) are the $76,915 that the defendants stole during the three armed robberies.

Moreover, Defendant Dyer and his co-defendants should be required to forfeit, in partial satisfaction of the money judgment, the $19,631 recovered at Fort Davis Park and the $18,437 found during the search of co-defendant Anthony Cannon's residence. That money is subject to forfeiture as proceeds of the offenses of conviction and/or substitute assets pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p). *See United States v. McGinty*, 610 F.3d 1242, 1248 (10th Cir. 2010) (a forfeiture order may include both a money judgment and specific assets); *United States v. Lewis*, 791 F. Supp. 2d 81, 94-95 (D.D.C. 2011) (court orders a money judgment and the forfeiture of all of defendant's assets in partial satisfaction).

5

Lastly, the firearms recovered from Anthony Cannon's residence were used by the defendants to commit the robbery of the Navy Federal Credit Union on December 22, 2012. As a result, they are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), which permits the forfeiture of any firearm used in furtherance of a crime of violence.

## Conclusion

For the foregoing reasons, the United States requests entry of a preliminary order of forfeiture that includes a money judgment for the United States and against the defendant in the amount of $76,915, an amount that constitutes proceeds of the three armed robberies of which the defendant has been convicted, and an amount for which the defendant and his three co-defendants shall be jointly and severally liable. In partial satisfaction of said money judgment, it is requested that United States currency in the amounts of $18,437 and $19,631 be ordered forfeited to the United States as property constituting or derived from proceeds the defendant and his co-defendants obtained from the commission of the offenses of conviction, or as a substitute thereof. It is further requested that the Luger Model AP9 9 mm firearm with serial number 021572 and the Federal Ordnance .45 caliber handgun with partial serial number F8801623 also be ordered forfeited to the United States as firearms possessed and used by the defendants, all previously convicted felons, during and in relation to the armed robberies of which they were convicted.

The United States requests entry of the proposed Preliminary Order of Forfeiture submitted herewith. In the proposed order, the Government has listed the specific assets for forfeiture and has set forth the usual directions to the Government regarding seizure of the property,

post-conviction discovery, and the commencement of the ancillary proceeding in accordance with Rule 32.2(b)(3).

        Respectfully submitted,

        Dana J. Boente
        Acting United States Attorney


By:       /s/
        Patricia T. Giles
        Rebeca H. Bellows
        Assistant United States Attorneys
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3700
        Fax: 703-299-3982
        Patricia.Giles@usdoj.gov
        Becky.Bellows@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify on this 11th day of October, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory Todd Hunter, Esq.
2055 North 15th Street, Suite 302
Arlington, VA   22201
greghunter@mail.com
*Counsel for Defendant Tobias Richard Dyer*

Terrell N. Roberts III, Esq.
Douglas J. Wood
67801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
troberts@robertsandwood.com
*Counsel for Defendant Keith Willie Reed*

Melinda L. VanLowe, Esq.
10476 Armstrong Street
Fairfax, VA   22030
melinda@vanlowelaw.com
*Counsel for Defendant Stanley Ray Winston*

Alfred Lincoln Robertson, Jr.
500 N. Washington St.
Alexandria, VA   22314
rob@robertsonlawoffice.com
*Counsel for Defendant Anthony Cannon*

/s/
Rebeca H. Bellows
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia   22314
Phone:   703-299-3700
Fax:   703-299-3982
Becky.Bellows@usdoj.gov