IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　v.　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>TOBIAS RICHARD DYER,　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Defendant.　　　　　　　 ) | CRIMINAL NO. 1:13cr48<br><br>The Honorable Claude M. Hilton<br><br>Sentencing: October 25, 2013 |

## POSITION OF THE UNITED STATES
## WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, Acting United States Attorney, and Patricia T. Giles and Rebeca H. Bellows, Assistant United States Attorneys, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual, §6A1.2 (Nov. 2012), files this Position of the United States With Respect to Sentencing. The United States has no objection to the Presentence Report and Addendum, which calculated the defendant's sentencing guidelines as 87 to 108 months as to Counts One through Five, and Twelve. The Presentence Report and Addendum also accurately reflect that the defendant, Tobias Richard Dyer, is subject to consecutive, mandatory minimum terms of 5 years as to Count Six, 25 years as to Count Seven, and 25 years as to Count Eight, for a total of 55 years. The United States respectfully requests this Court to impose a sentence of 24 months as to Counts One through Five, and Twelve, followed by 55 years for Counts Six, Seven, and Eight, as it appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

1

**Argument**

Even though the Sentencing Guidelines are advisory, United States v. Booker provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2) (C) & (D).

**A.  A Sentence of 57 Years Would Account for the
Serious Nature and Circumstances of the Offense.**

In just two weeks, this defendant, along with his co-defendants, committed three armed robberies in Northern Virginia: the December 7, 2012 robbery of VVM, Inc. in Fairfax County; the December 9, 2012 robbery of the Shoppers Food Warehouse in Alexandria; and the December 22, 2012 robbery of the Navy Federal Credit Union in Arlington.[1]  During every

---

[1] Defendant Dyer is also charged with killing a witness in Prince George's County, Maryland, and indicted for participating in an additional armed robbery in Maryland, during

robbery, defendant Dyer served as one of the gunman who entered the establishments and held the employees and customers at gunpoint. In the VVM, Inc. robbery, defendant Dyer put his gun to a customer's back and forced him to the ground. Government Exhibits ("GEXs") 14-3, 14-3E, 14-3F. In the Shoppers Food Warehouse robbery, Dyer is seen pointing his gun at an employee and ordering him to the ground. GEXs 12-3, 12-3A. In the Navy Federal Credit Union robbery, defendant Dyer wielded a .45 caliber handgun with a drum-style magazine, which is capable of holding additional bullets. GEXs 1-2, 1-2B. He pointed this weapon at a young teller, holding it just a couple feet from her face. GEX 1-2A. When this gun was recovered just hours after the robbery, it was fully loaded and there was also a bullet chambered, meaning it was ready to be fired. Fortunately, no guns were fired during the course of these Virginia robberies. However, this defendant and his co-defendants were willing and ready to do so.

      Defendant Dyer had no appreciation for the terror he inflicted on the employees and customers in these businesses. In fact, he reveled in his crimes. During trial, the government introduced several pictures taken after the robberies, with defendant Dyer celebrating and, at times, even showcasing the money he and his co-defendants had taken. *See* GEXs 19-11, 19-11A, 19-12, 19-12A 19-19, 19-19A, 19-20, 19-20A (photos of defendants Dyer, Cannon and Winston celebrating at the club); GEXs 19-22, 20-2 (photo of Dyer with a large bundle of currency between his feet; also posted on Instagram on December 9, 2012).

      A sentence of 57 years appropriately accounts for the serious and dangerous nature of the defendant's crimes.

---

which the victim was shot.

Case 1:13-cr-00048-CMH   Document 99   Filed 10/17/13   Page 4 of 8 PageID# 817

     **B.    The History and Characteristics of the Defendant Necessitate a Sentence of 57 Years.**

This is not the defendant's first conviction for a crime of violence. In 2009, defendant Dyer was convicted of armed robbery and use of a handgun in the commission of a felony in the Circuit Court of Montgomery County, Maryland. In that case, the defendant, along with two others, committed an armed robbery of a business. He was sentenced to eight years in prison with all but five years suspended. Obviously, the defendant did not learn his lesson. He was on probation from that conviction at the time he committed the instant robberies. In addition, the defendant has other arrests for crimes of violence– also involving handguns.

The fact that the defendant is currently charged in two other jurisdictions for violent crimes is further indication of his dangerous nature. First, in March 2013, the defendant was charged in Prince George's County Circuit Court for the December 19, 2012 murder of a witness and shooting of the witness' two-year-old son. Dyer's current co-defendants, Keith Reed, Anthony Cannon, and Stanley Winston, are also his co-defendants in that case. That incident occurred just days before the Navy Federal Credit Union robbery. Second, defendant Dyer was indicted for conspiracy; interference with interstate commerce by robbery; using, carrying, and discharging a firearm during and in relation to a crime of violence; and two counts of interstate transportation of a stolen vehicle in U.S. District Court in Maryland. These charges stem from the December 11, 2012 robbery of a Loomis armored car guard during which the guard was shot. Co-defendants Reed and Cannon are also charged for this robbery.

Defendant Dyer has proven that he is a dangerous man with no intention of stopping his criminal activities. Thus, a sentence of 57 years is necessary to account for both his criminal history and conduct.

    **C.**    **A Sentence of 57 years is Necessary to Protect the Public From Future Crimes of the Defendant and Promote Respect for the Law.**

This defendant has demonstrated an utter disrespect for the law and the justice system. He has repeated arrests for crimes of violence and a prior felony conviction for armed robbery and use of a firearm during the commission of a felony. In fact, the defendant had just been released from serving his sentence and began his supervised probation on October 25, 2012. Less than two months later, he began a crime spree. In the instant case alone, the defendant committed three armed robberies in a mere two weeks – while on probation for the exact same offense. Clearly, he was not deterred by his prior sentence. A sentence of 57 years serves to protect the public from this defendant, promote respect for the law, and deter him as well as others.

## Conclusion

For the reasons stated, the United States asks this Court to impose a sentence of 24 months as to Counts One through Five, and Twelve followed by consecutive, mandatory minimum terms of 5 years as to Count Six, 25 years as to Count Seven, and 25 years as to Count Eight.

        Respectfully submitted,

        Dana J. Boente
        Acting United States Attorney

By:        /s/
        Patricia T. Giles, Esq.
        Virginia Bar No.: 43257
        Rebeca H. Bellows
        Attorney for the United States of America
        United States Attorney's Office

Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3982
Email Address: Patricia.Giles@usdoj.gov
Email Address: Becky.Bellows@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on October 17th, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Douglas J. Wood, Esq.
Terrell Roberts, Esq.
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
*Counsel for Defendant Keith Willie Reed*

Melinda VanLowe, Esq.
10476 Armstrong Street
Fairfax, Virginia 22030
*Counsel for Defendant Stanley Ray Winston*

Alfred "Rob" Robertson, Jr., Esq.
Robertson Law Office, PLLC
500 N. Washington St.
Alexandria, VA 22314
*Counsel for Defendant Anthony Cannon*

Gregory Todd Hunter, Esquire
Law Office of Gregory Hunter
2055 North 15th Street, Suite 302
Arlington, Virginia 22201
*Counsel for Defendant Tobias Richard Dyer*

An electronic copy was also sent to: Quentin Lowe, U.S. Probation Office.

By: _____/s/_____
Patricia T. Giles, Esq.
Virginia Bar No.: 43257
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3982
Email Address: Patricia.Giles@usdoj.gov