IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL No. 1:13CR48-004 |
| v. ) | |
| ) | Sentencing Date: October 25, 2013 |
| Tobias Richard Dyer ) | |
| Defendant ) | The Honorable Claude M. Hilton |
| _____) | |

DEFENDANT'S POSTION ON SENTENCING

In accordance with this Court's policy regarding guideline sentencing and §6A1.2 of the United States Sentencing Guidelines and Policy Statements, Counsel for the Defendant hereby represents that he and his client have reviewed the Probation Officer's report and that we have no objection to the calculation of sentencing factors. In his computation of the Offense Level for Counts One through Five and Twelve, the Probation Officer correctly assessed a 27 point Adjusted Offense Level total and a Criminal History Category of III, resulting in a Guideline Range of 87-108 months.

The Probation Officer also notes that the Defendant is subject to consecutive, mandatory minimum sentences totaling 684 months (a total of 57 years) for violations of 18 U.S.C. §924(c) in Counts Six, Seven and Eight. Though the Probation Officer correctly notes that these sentences are consecutive to any other sentence and are mandatory, the total calculation is incorrect. The United States Supreme Court recently held that the jury would have to make a specific finding that Mr. Dyer brandished the firearm in Count Six to make the seven year sentence mandatory, leaving the mandatory minimum sentence at only five years for Count Six. *See, e.g., Allenye v.United States, 133 S. Ct. 2151 (2013).* The consecutive, mandatory minimum prison sentence for Counts Six, Seven and Eight, pursuant to 18 U.S.C. §924(c), is 660 months (a total of 55 years).

Were it not for these mandatory minimum sentences, the Guideline Commission would suggest that the Court add an additional 5 points for the possession or brandishing of a gun under U.S.S.C. §2B3.1(b)(2)(C), which would result in an Adjusted Offense

Level of 32 and a Guideline Range of 151 to 188 months. The Government, however, would have this Court impose both the mandatory minimums for Counts Six, Seven and Eight and add on an additional 24 month sanction for Counts One through Five and Twelve, for a total sentence of 684 months. The Defense respectfully argues that a sentence of 55 years, let alone the 57 years requested by the Government, is excessive.

*The Impact of Multiple 924(c) Counts*

The Honorable Paul Cassell, formerly an Assistant United States Attorney in this District, has noted on several occasions as both a Federal District Court judge and as a law professor that this so-called 'stacking' of multiple §924(c) counts results in "lengthy sentences that do not distinguish between first-time offenders…and recidivist offenders." Indeed, as Judge Cassell noted in his testimony before the House Judiciary Subcommittee on Crime, Terrorism and Homeland Security in 2007, and again in a 2010 Cardozo Law Review article, the Judicial Conference has "steadfastly" opposed mandatory minimum sentences of more than 50 years because these sentences are "simply irrational," diminishing judicial discretion, increasing the number and cost of trials and appeals, and prolonging the sentencing process. Judge Cassell notes that a 660 month sentence exceeds the sentences of aircraft hijackers (293 months), terrorists who detonate a bomb in a public place (235 months), second-degree murderers (168 months) and kidnappers (151 months). *See,* Erik Luna and Paul G. Cassell, *Mandatory Minimalism,* 32 Cardozo L. Rev. 1 (2010).

And Judge Cassell is not alone. Attorney General Eric Holder recently told the American Bar Association's House of Delegates that "too many Americans go to too many prisons for far too long," and that excessive incarceration has become an "ineffective and unsustainable" part of our system. *See,* www.cnn.com/2013/08/12/politics/holder-mandatory-minimums. The Senate has also started to act, with Senators Patrick Leahy (D-Vermont) and Rand Paul (R-Kentucky) co-sponsoring the Justice Safety Valve Act of 2013, which would allow judges more leeway when deciding whether to hand down a mandatory minimum sentence. Clearly there is strong and growing support for the notion that a mandatory sentence in excess of half a century is less than sensible.

*Summary*

Though the Defendant maintains his innocence in this case, and indeed in the charged (but not proven) conduct referenced by the government in their sentencing position, the Defense agrees that the Probation Officer's guideline calculation for Counts One through Five and Twelve, combined with the 5 point sanction suggested by U.S.S.C. §2B3.1(b)(2)(C) for a total of 151 to 188 months, is a proper measure of both the severity of the conduct alleged in the indictment and the Defendant's culpability in this crime relative to other offenders given his criminal record. A sentence of 151 to 188 months, combined with the five years of suspended time from his prior conviction in Maryland and followed by a significant term of Supervised Release, would properly reflect the seriousness of the offense, promote respect for the law, and provide a just punishment while affording adequate deterrence, protecting the public and providing all of the educational and vocational training, medical care and correctional treatment available in the federal prison system. *See, e.g. 18 U.S.C. §3553(a).* We respectfully suggest that the additional, mandatory minimum sentences do nothing to accomplish these goals, and that imposing them violates this Court's duty to set aside this statute as a violation of Mr. Dyer's 8th Amendment right to be free from cruel and unusual punishment. Alternatively, if the Court does feel obligated to impose the 660 months pursuant to Counts Six, Seven and Eight and 18 U.S.C. §924(c), we respectfully ask that the Court find this sanction to be far in excess of what is needed to accomplish the goals of §3553(a) and not impose the additional 24 months requested by the Government.

Furthermore, the Defendant respectfully requests that the Court recommend designation to a facility as near as possible to his family in the Washington, D.C. area.

Respectfully Submitted,

_____/S/_____
Gregory T. Hunter
Virginia State Bar Number 45489
Attorney for the Defendant
2055 North 15th Street, Suite 302
Arlington, Virginia 22201
(703) 527-0808 telephone
(703) 527-0810 facsimile
greghunter@mail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of October, 2013, an exact copy of the foregoing Position of the Defense with Respect to Sentencing Factors was filed with the Clerk of the Court using the CM/ECF system, causing a Notice of Electronic Filing to be served upon:

Rebecca Bellows
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Rebecca.Bellows@usdoj.gov

Patricia Giles
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Patricia.Giles@usdoj.gov

Copies of this document have been forwarded to the following non-filing users:
By electronic mail:
    Quentin T. Lowe
    United States Probation Officer
    United States Probation Office for the Eastern District of Virginia
    401 Courthouse Square
    Third Floor
    Alexandria, Virginia 22314
    (703) 299-2300 telephone
    Quentin_Lowe@vaep.uscourts.gov

By personal service:
    Tobias Richard Dyer
    Defendant

                                                    _____/S/_____
                                                    Gregory T. Hunter
                                                    Virginia State Bar Number 45489
                                                    Attorney for the Defendant
                                                    2055 North 15th Street, Suite 302
                                                    Arlington, Virginia 22201
                                                    (703) 527-0808 telephone
                                                    (703) 527-0810 facsimile
                                                    greghunter@mail.com