IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Case No. 1:13-cr-48 |
| v. | ) ) | Civil Case No. 1:16-cv-731 |
| TOBIAS DYER, | ) ) | |
| Defendant. | ) ) ) | |

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant Tobias Dyer's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On June 21, 2013, after a five-day trial, a jury found Defendant guilty on nine counts, including three counts of using a firearm in relation to a "crime of violence," in violation of U.S.C. § 924(c). The three counts of using a firearm in relation to a crime of violence provide the basis for Defendant's instant § 2255 motion. These counts, which are counts six through eight, alleged that the underlying crime of violence for the § 924(c) charges was interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Hobbs Act robbery). On these three counts, the Court sentenced Defendant to consecutive sentences of sixty months on Count Six, three hundred months on Count Seven, and

three hundred months on Count Eight. For the other six counts, the Court sentenced Defendant to sixty months on each count with the sentences to run concurrently with each other.

On June 23, 2016, Defendant moved to vacate three of his convictions pursuant to 28 U.S.C. § 2255, arguing that his convictions under § 924(c) violate due process based on Johnson v. United States, 135 S. Ct. 2551 (2015). Defendant argues that his motion is timely under § 2255(f)(3) because the Supreme Court in Johnson created a new right. On August 8, 2016, the Government filed a motion to dismiss Defendant's § 2255 motion as untimely.

Under 28 U.S.C. § 2255, a person may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The party seeking relief bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Defendant's motion is untimely, despite his argument that his motion qualifies under § 2255(f)(3) after the decision in Johnson. Under § 2255(f)(3), a motion must be filed within one

2

year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Johnson, the Supreme Court held that imposing an increased sentence for "crimes of violence" under the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague and violated the Due Process Clause. 135 S. Ct. at 2563. The Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016), held that Johnson's invalidation of the ACCA's residual clause has a retroactive effect to cases on collateral review. Id. at 1265.

For a motion filed pursuant to § 2255(f)(3), the Supreme Court itself must recognize the specific substantive right at issue. The Supreme Court has not held that Johnson applies to § 924(c)(3)(B), and "[s]ection 2255(f)(3) does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." United States v. Mathur, 685 F.3d 396, 401 (4th Cir. 2012). Unless the Supreme Court itself recognizes a "new" right, § 2255(f)(3) is not a valid ground for filing a motion more than one year after the conviction was final.

A case announces a "new" right if a later extension of an earlier case was dictated by precedent and was apparent to all

reasonable jurists. Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final . . ."); see also Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) (A rule is "not so dictated . . . unless it would have been 'apparent to all reasonable jurists'") (citing Lambrix v. Singletary, 520 U.S. 518, 527-28 (1997)). The requirement that an extension be apparent to "all reasonable jurists" is a demanding one.

In mounting a Johnson challenge to § 924(c)(3)(B), the Defendant cannot maintain that it is apparent to all reasonable jurists that Johnson invalidates § 924(c)(3)(B) and created a new substantive right under that provision. Notably, the only circuits to address this precise question have rejected the argument made by Defendant. See United States v. Prickett, 839 F.3d 697, 700 (8th Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016) (distinguishing the ACCA residual clause from the clause in § 924(c)(3)(B)).

Furthermore, the Fourth Circuit has not treated Johnson as having dictated to all reasonable jurists that § 924(c)(3)(B) is unconstitutionally vague. To the contrary, in United States v. Fuertes, the Fourth Circuit declined to decide § 924(c)(3)(B)'s constitutionality and noted that in Johnson "the Supreme Court held unconstitutionally vague the version of the residual clause

4

set forth in 18 U.S.C. § 924(e)(2)(B), but the Court had no occasion to review the version of the residual clause set forth at 18 U.S.C. § 924(c)(3)(B)." 805 F.3d 485, 499 n.5 (4th Cir. 2015).

The above authority shows that Defendant's motion is untimely because Johnson did not invalidate § 924(c)(3)(B), and Johnson did not create the new right that Defendant asserts was created. Because Johnson did not create a new right and Defendant is filing the instant § 2255 motion more than one year after his conviction became final, his motion is untimely. Thus, the Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 23, 2017